IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KYLE JOSHUA HERNANDEZ                                                          PLAINTIFF

v.                                                       CIVIL ACTION NO.  1:08-cv-136-LG-RHW

SHERIFF DAVID ALLISON                                                          DEFENDANT

<u>MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT</u>

Plaintiff was an inmate of the Pearl River County Jail, Poplarville, Mississippi, at the time he filed this complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. The notice of assignment advising of the district judge, magistrate judge and civil action number assigned to the instant civil action was mailed to the plaintiff at his last known address on April 9, 2008.  The envelope containing the notice of assignment [4] was returned to the Court on April 21, 2008 marked by the postal service as " unable to forward or deliver."  A further review of the record indicates that on April 11, 2008, an order [3] was entered directing Plaintiff to file a written response within 30 days of the date of the order. Even though the envelope containing the order [3] of April 11, 2008, has not been returned by the postal service, this Court finds that Plaintiff has failed to comply with that order [3] of April 11, 2008, or contact this Court concerning this civil action.

Upon a review of this record, the Court finds that Plaintiff has failed to keep this Court informed of his current address and moreover, he has failed to comply with the order [3] of the Court.  Out of an abundance of caution, the Court attempted to locate Hernandez on the Mississippi Department of Corrections website to no avail.  It is apparent from Plaintiff's failure to communicate with this Court concerning his case or a change of address that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a " sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

Plaintiff has not provided a forwarding address nor has he contacted this Court since April 9, 2008.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper.  Since Defendant has never been called upon to respond to the Plaintiff's pleading, and has never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Complaint is **DISMISSED** without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 11th day of June, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE